AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
## DISTRICT OF KANSAS

UNITED STATES OF AMERICA

v. **ORDER OF DETENTION PENDING TRIAL**

NORMAN E. SMITH, III
*Defendant*

Case Number: 06-20045-01-KHV-DJW

 In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐   (1)   The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

 ☐   a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

 ☐   an offense for which the maximum sentence is life imprisonment or death.

 ☐   an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

 ☐   a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐   (2)   The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐   (3)   A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐   (4)   Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community.  I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐   (1)   There is probable cause to believe that the defendant has committed an offense

 ☐   for which a maximum term of imprisonment of ten years or more is prescribed in _____

 ☐   under 18 U.S.C. § 924(c).

☐   (2)   The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐   (1)   There is a serious risk that the defendant will not appear.

☒   (2)   There is a serious risk that the defendant will endanger the safety of another person or the community.

_____

_____

_____

_____

_____

### Part II - Written Statement of Reasons for Detention

 I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

_____

(See attached pages)

### Part III - Directions Regarding Detention

 The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: January 12, 2007

s/ David J. Waxse
*Signature of Judicial Officer*

DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
*Name and Title of Judicial Officer*

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Norman E. Smith, III
Criminal Action 06-20045-01-KHV-DJW

## Part II - Written Statement of Reasons for Detention

The statute contains a list of factors I have to look at to determine whether you should be released or not.

The first factor is the nature and circumstances of the offense charged, including whether it is a crime of violence, or an offense listed for which there is imprisonment of ten years or more, or involves a narcotic drug.  Clearly you fit in that category, so that is a negative.

The next factor is the weight of the evidence against the person.  There is a Grand Jury Indictment on six counts, so that is a negative since they have determined at least there is probable cause.

The next factor is the history and characteristics, including your physical and mental condition. The Report indicates that there have been problems with drug use which is an issue for your physical condition.

The next factor is your family ties.  There appears to be some family here but not substantial, so that is not positive.

Employment is a possibility, which would be positive.

The next factor is your financial resources.  There are no indications that you have substantial resources that would make it easy for you to flee.

Length of residence in the community is positive.

Community ties are positive.

Past conduct, which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, is a problem.  You have had involvement with illegal activity a large number of times, so those are all negative.

The next factor is whether at the time of the current offense or arrest you were on probation,

parole or other release.  This is your biggest problem because I must have confidence that you will comply with conditions of release.  Obviously Johnson County released you with the understanding that you would comply with conditions, which always include the condition that you not violate the law, yet you are now charged here with violating the law  while on release there.

The final factor is the nature and seriousness of the danger that would be posed to the community by your release.  Any time you are involved in the distribution of methamphetamine that is a terrible danger.

Based on all those factors, you will remain detained.